IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MYNOR VELASQUEZ, <br><br> Petitioner <br><br> v. <br><br> KRISTI NOEM, *et al.*, <br><br> Respondents. | 3:26-CV-00261-CCW |

## ORDER

Before the Court is a counseled Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  Petitioner, a native and citizen of Guatemala, is currently detained at the Moshannon Valley Processing Center in Philipsburg, Pennsylvania.  ECF No. 1 ¶ 11.  He entered the United States without inspection at an unknown location in 2009.  *Id.* ¶ 16.  He had no interaction with immigration officials until December 16, 2025, when immigration officers arrested and detained him in Hanover, Pennsylvania.  *Id.*;  ECF No. 9 at 3–4.  He was issued a notice to appear in immigration court that same day.  ECF No. 1 ¶ 17.

On December 31, 2025, an immigration judge ordered Petitioner's release from custody on a bond of $4,000.  *Id.* ¶ 18;  ECF No. 1-2.  However, Petitioner remains in custody pursuant to the government's invocation of the automatic stay provision, 8 C.F.R. § 1003.19(i)(2).  ECF No. 12 at 1. Petitioner now asserts that he is entitled to release on bond under the terms already ordered by an immigration judge, contending that his ongoing detention violates the Due Process Clause of the Fifth Amendment.[1]  Respondents' response to the Petition neither acknowledges that the Petitioner has received a bond hearing nor references immigration officials' invocation of the

---

[1] To the extent Petitioner is required to exhaust administrative remedies, the Court finds that exhaustion would be futile in this case in light of the BIA's decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (B.I.A. 2025).

automatic stay. *See* ECF No. 9. In a sur-reply, Respondents concede that an immigration judge ordered Petitioner released on bond after finding that Petitioner is neither a danger to the community nor a flight risk. *Id.* at 1–2. Respondents do not challenge the merits of Petitioner's due process allegations in connection with the invocation of the automatic stay. *See generally* ECF Nos. 9, 12.

The Court agrees with Petitioner and, in doing so, joins a substantial number of district courts both within and outside the Circuit in holding that the automatic stay imposed by 8 C.F.R. § 1003.19(i)(2) violates Petitioner's due process rights under the Fifth Amendment. *See Chavez Lezama v. Noem et al.*, No. 3:26-cv-00114, ECF No. 13 (W.D. Pa. Mar. 18, 2026) (Ranjan, J.); *Villanueva v. McShane*, No. 3:26-cv-124, ECF No. 12 (W.D. Pa. Feb. 20, 2026) (Stickman, J.) (citing *Lopez v. Soto*, No. 2:25-cv-16303, 2025 WL 2987485, at *2 n.3 (D.N.J. Oct. 23, 2025) (collecting cases)). Because an immigration judge has already determined that a $4,000 bond is sufficient to mitigate any flight risk, the Court will order Petitioner's release under the terms imposed by the IJ in the December 31, 2025 bond order, ECF No. 1-2. *See Moradel v. Noem*, No. 3:25-CV-327, 2025 WL 3718729, at *5 (W.D. Pa. Dec. 23, 2025) (Haines, J.) (ordering Petitioner released "on the conditions imposed by the IJ" in a bond order previously vacated by BIA); *Santana-Rivas v. Warden of Clinton Cnty. Corr. Facility*, No. 3:25-CV-01896, 2025 WL 3522932, at *13 (M.D. Pa. Nov. 13, 2025) (same).

Accordingly, IT IS HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1, is GRANTED IN PART, as follows:

1.      Respondents shall immediately release Petitioner under the terms set forth in the Immigration Judge's December 31, 2025 order, ECF No. 1-2.

2.	IT IS FURTHER ORDERED that any motion for costs and fees pursuant to the

Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d) shall be filed within ten

days of this Order.

3.	IT IS FURTHER ORDERED that the Petition is DENIED in all other respects.


DATED this 1st day of April, 2026.


BY THE COURT:


/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge


cc (via ECF email notification):

All Counsel of Record